**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| AHMAD ABU HUSEIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. |
| EAGLE EXPRESS LINES, INC., | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

---

## COMPLAINT AT LAW

---

Plaintiff, Ahmad A. Husein, by and through his attorneys, Hart McLaughlin & Eldridge, LLC, complaining of Defendant Eagle Express Lines, Inc., a corporation, states as follows:

## INTRODUCTION

1.      Ahmad Abu Husein ("Husein" or "Plaintiff"), an Arab-American man who has been an American citizen for 10 years, was subjected to blatant race-based discrimination and retaliation by his employer, Eagle Express Lines ("Eagle Express" or "Defendant"), for almost four years.

2.      With 20 years of truck driving experience—16 of them before joining Eagle Express—Husein is an eminently qualified truck driver. Upon information and belief, Husein never had a poor performance evaluation while working at Eagle Express.

3.      Despite Husein's decades of relevant experience and exemplary job performance, Eagle Express systematically worsened the conditions of his

employment by assigning him inferior equipment and arbitrarily cutting his delivery routes. Eagle Express also arbitrarily cut his hours and lowered his wages. Eagle Express did all of this for no reason other than to racially discriminate against Husein.

4.     As a result of this brazen, malignant racial discrimination by Eagle Express, Husein has suffered significant damages.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1343 and supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

6.     Eagle Express was a corporation organized under the laws of Illinois until it was re-domesticated to Delaware on or about August 27, 2019. It has its principal place of business in Carter Lake, Iowa. At all relevant times, Eagle Express maintained at least one office in this judicial district and transacted business in this judicial district. Accordingly, this Court has personal jurisdiction over Eagle Express.

7.     Venue is proper under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(a). All events pertaining to the claims made in this complaint occurred in this judicial district.

8.     All conditions precedent to filing suit have been met. Specifically, on February 17, 2020, Plaintiff filed a charge with the United States Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR").

9.     A "right to sue letter" was issued to Plaintiff by the EEOC on September 14, 2020. (Exhibit A).

10.     A notice of dismissal and order of closure allowing Plaintiff the right to sue was issued by the IDHR on December 2, 2020. (Exhibit B).

## PARTIES

11.     Ahmad Abu Husein is a person residing in this judicial district.

12.     Eagle Express is an employer as defined by Title VII of the Civil Rights Act of 1964 and the Illinois Human Rights Act and was Husein's employer at all times relevant to this Complaint.

## FACTUAL BACKGROUND AND FACTS COMMON TO ALL COUNTS

13.     Husein is Arab and was born in Palestine. He immigrated to the United States in 1990 and became a United States citizen in 2010.

14.     Husein has worked as a truck driver since 2000.

15.     Husein began working for Eagle Express as a truck driver in 2016.

16.     From 2016 through September 2018, Husein averaged approximately 70 hours per week working for Eagle Express.

17.     Husein dispatched primarily out of Eagle Express's office located at 925 175th Street, Homewood, Illinois 60430 ("Homewood office").

18.     Husein's primary job responsibility was driving a truck to deliver goods to various destinations.

19.     On each delivery, Husein drove a truck assigned and provided to him by Eagle Express.

20.     Each truck Husein drove, together with Eagle Express's Homewood office, constituted Husein's work environment.

21.     Eagle Express also determined Husein's delivery routes and work schedule.

22.     Eagle Express's drivers (including Husein) were responsible for cleaning the trucks they operated at the end of each delivery.

23.     On several occasions in late 2016 and early 2017, another Eagle Express driver named Rodrigo repeatedly harassed Husein with racially derogatory comments.[1] Rodrigo told Husein that he "[doesn't] know how to shower" and that he "wash[es] [his] ass with sand."

24.     Husein reported these comments to Eagle Express's human resources department. The employee who made the offensive comments received no disciplinary action. Additionally, Husein's supervisor discouraged Husein from reporting this type of problem in the future.

25.     Beginning in early 2018, Eagle Express began assigning Husein trucks that were inferior to the ones used by his white coworkers. These trucks were inferior in the following ways:

      a.     The trucks Husein was assigned were significantly older than the trucks assigned to his white coworkers.

      b.     The trucks Husein was assigned had damaged interiors while the trucks assigned to his white coworkers did not.

---

[1] Plaintiff alleges that this driver's first name is Rodrigo upon information and belief. This driver's full name is unknown at this time.

    c.  The trucks Husein was assigned had dirty interiors while the trucks assigned to his white coworkers did not.

    d.  The trucks Husein was assigned had pungent odors while the trucks assigned to his white coworkers did not.

26.    Although it is each driver's responsibility to clean a truck after returning from a route, Eagle Express made Husein responsible for cleaning up after other drivers. His white coworkers did not have to do this extra cleaning work.

27.    Beginning in September 2018, Eagle Express cut Husein's weekly work by more than 60%.

28.    Despite his repeated requests for more routes and hours, Husein was told that no additional work was available for him.

29.    During this same period, white drivers were given full schedules with up to four routes per day. Some of these routes had previously been assigned to Husein.

30.    On or about November 18, 2019, Husein filed a charge with the EEOC concerning these actions taken by Eagle Express. In doing so, Eagle Express was placed on notice of his complaints.

31.    Approximately one month later, Eagle Express cut Husein's work hours even further. His work hours quickly dropped to near zero. As a result of this, on or about February 17, 2020, Husein filed an amended EEOC charge alleging that Eagle Express had retaliated against him.

<u>COUNT I</u>
**Title VII, 2000 U.S.C. § 2000e-2(a)(1)**
**Race-Based Discrimination**

32.     Each of the foregoing paragraphs is incorporated herein as if fully reinstated.

33.     Plaintiff met all of Defendant's reasonable work expectations.

34.     Plaintiff nevertheless suffered the adverse employment consequences of reduced wages, reduced work hours, lower-quality trucks and equipment, and reduced routes.

35.     Plaintiff was qualified to earn the wage he was earning before Defendant reduced his wage.

36.     Plaintiff was qualified to work the hours he was working before Defendant reduced them for arbitrary and discriminatory reasons.

37.     Plaintiff was qualified to operate the higher-quality trucks and equipment he had been using before Defendant engaged in discriminatory behavior and assigned Plaintiff to lower-quality trucks and equipment.

38.     Plaintiff was qualified to drive the number of routes he had been driving before Defendant reduced his number of routes.

39.     Other similarly situated employees, who were not of the same race as Plaintiff, were treated differently.

40.     Defendant has therefore denied Plaintiff his rights under the Civil Rights Act of 1964, and Plaintiff has suffered damages as a direct and proximate result of his rights being violated.

## COUNT II
### Title VII, 2000 U.S.C. § 2000e-3(a)
### Retaliation

41.     Each of the foregoing paragraphs is incorporated herein as if fully restated.

42.     Plaintiff, by filing his original EEOC charge on or about November 18, 2019, engaged in a statutorily protected activity.

43.     At all relevant times, Plaintiff met Defendant's legitimate expectations with respect to the quality of his work.

44.     After filing the original EEOC charge, Plaintiff suffered the adverse employment action of having his hours and wages cut to near zero.

45.     Upon information and belief, Plaintiff was treated less favorably than similarly situated employees who did not file an EEOC charge of racial discrimination.

46.     Defendant has therefore denied Plaintiff his rights under the Civil Rights Act of 1964, and Plaintiff has suffered damages as a direct and proximate result of his rights being violated.

## COUNT III
### Illinois Human Rights Act 775 ILCS 5/2-101 *et seq.*
### Race-Based Discrimination

47.     Each of the foregoing paragraphs is incorporated herein as if fully restated.

48.     Plaintiff met Defendant's reasonable work expectations.

49.     Plaintiff nevertheless suffered the adverse employment consequences of reduced wages, lower-quality trucks and equipment, and less desirable routes.

50.     Plaintiff was qualified to earn the wage he was earning before Defendant reduced his wage.

51.     Plaintiff was qualified to operate the higher-quality trucks and equipment he had been using before Defendant assigned him lower-quality trucks and equipment.

52.     Plaintiff was qualified to drive the more desirable routes he had been driving before Defendant assigned him the less desirable routes.

53.     Other employees similarly situated to Plaintiff who were not of the same race as Plaintiff were treated differently.

54.     Defendant thus denied Plaintiff his rights under the Illinois Human Rights Act.

55.     As a direct and proximate result, Plaintiff suffered damages.

## COUNT IV
### Illinois Human Rights Act 775 ILCS 5/2-101 *et seq.*
### Retaliation

56.     Each of the foregoing paragraphs is incorporated herein as if fully restated.

57.     Plaintiff, by filing his original EEOC charge on or about November 18, 2019, engaged in a statutorily protected activity.

58.     Upon information and belief, Defendant knew that Plaintiff had engaged in this protected activity.

8

59.     After filing the original EEOC charge, Plaintiff suffered the adverse employment action of having his hours and wages cut to near zero.

60.     Upon information and belief, Defendant took this adverse employment action against Plaintiff because Plaintiff had filed the EEOC charge.

61.     Defendant thus denied Plaintiff his rights under the Illinois Human Rights Act.

62.     As a direct and proximate result, Plaintiff suffered damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Ahmad A. Husein, by and through his attorneys, Hart McLaughlin & Eldridge, LLC, respectfully requests that the Court enter an Order granting the following relief against the Defendant, Eagle Express Lines, Inc.:

A.     Awarding Plaintiff actual damages;

B.     Awarding punitive damages;

C.     Awarding Plaintiff his reasonable costs and attorneys' fees; and

D.     Awarding such other and further relief as the Court deems reasonable and just.

## **JURY DEMAND**

Plaintiff demands a trial by jury in this action on each and every one of his claims.

Respectfully Submitted,


/s/ *Carter Grant*

Brian H. Eldridge
Carter D. Grant
Blake Stubbs
**HART McLAUGHLIN & ELDRIDGE,
LLC**
22 W. Washington St., Suite 1600
Chicago, Illinois 60602
Tel: (312) 955-0545
Fax: (312) 971-9243
beldridge@hmelegal.com
cgrant@hmelegal.com
bstubbs@hmelegal.com